IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, et al.,<br><br>Defendants. | Case No. 1:21-cv-03351<br><br>Hon. Charles R. Norgle |

## ORDER

Plaintiff's motion for attorney [79] is denied as moot because Plaintiff is represented by appointed counsel. Defendant's motion to dismiss for failure to state a claim [62] is granted.

## STATEMENT

Plaintiff brings claims against Chicago police officers and the City of Chicago pursuant to 42 U.S.C. § 1983. He asserts that he (1) was assaulted and battered by an acquaintance of his daughter's mother, (2) called Chicago police officers to the scene, (3) informed the officers that he was in legal possession of a firearm, and (4) was arrested for allegedly pointing a gun at his assailant. Further, Plaintiff asserts that police officers placed restraints on him "which were too tight." Dkt. 50 ¶ 30. He claims that the officers used excessive force in violation of the Fourth Amendment, and sues the City of Chicago for indemnification under *respondeat superior*. The City of Chicago ("Defendant" or the "City") has filed a motion to dismiss Counts III and V of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). Under Rule 12(b)(6), "'[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face.'" Toulon v. Continental Cas. Co., 877 F.3d 725, 734 (7th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A plaintiff's statement must provide sufficient plausible facts to put a defendant on notice of the claims against him. Brooks v. Ross, 578 F. 3d 574, 581 (7th Cir. 2009); see Hefferman v. Bass, 467 F.3d 596, 599 (7th Cir. 2006). A plaintiff's burden on a motion to dismiss is limited to alleging "enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). But in ruling on a motion to dismiss, the Court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." St. John's United Church of Christ v. City of Chicago, 502 F.3d 6 6, 633 (7th Cir. 2007) (internal quotation marks omitted). In reviewing

a plaintiff's claim, the court "must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

In Count III of his complaint, Plaintiff brings a §1983 conspiracy claim against all Defendants pursuant to the Fourth and Fourteenth Amendment. Defendants argue that the City can only be held liable if Plaintiff alleges that a particular policy, practice, or custom of the municipality was the moving force behind the constitutional deprivation. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Johnson v. Cook Cnty., 526 F. App'x 692, 695 (7th Cir. 2013) (the plaintiff "must demonstrate that the deliberate action attributable to the municipality itself is the 'moving force' behind the deprivation of his constitutional rights."). The Court holds that Plaintiff does not sufficiently articulate a Monell claim, so Count III must be dismissed as to the City. There simply is no allegation in the complaint that the officers violated a city policy, practice, or custom. Accordingly, because there are no plausible allegations that the city conspired against Plaintiff, Count III against the City must fail. Similarly, "a municipality cannot be held liable under §1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691. Count V is a "Claim for *Respondeat Superior* Against Defendant City of Chicago," and must therefore fail as well.

Plaintiff's claims remain as to the Defendant Officers and their alleged excessive force in the use of restraints. Payne v. Pauley, 337 F.3d 767, 775 n.3 (7th Cir. 2003) ("[W]e cannot choose the version of the story that seems more logical based on the pleadings and testimony before us."). Discovery shall proceed.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 23, 2022