## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHEDRICK BOWES-NORTHERN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 cv 3351 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| CITY OF CHICAGO, JOEL | ) | |
| GORDILS, ZAUL QUIROZ, | ) | |
| ANATHEA SMITH, TRACY | ) | |
| DREW, KORY PIERCE, | ) | |
| RONALD CAVANAUGH, KEVIN | ) | |
| HEYWOOD, COOK COUNTY, | ) | |
| THOMAS J. DART, in his official | ) | |
| capacity as Cook County Sheriff, | ) | |
| and UNKNOWN COOK COUNTY | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR RELIEF FROM ASSIGNMENT AND FOR LEAVE TO WITHDRAW

Katharine R. McLaughlin ("McLaughlin), court-recruited counsel for the plaintiff, Shedrick Bowes-Northern ("Mr. Bowes-Northern"), moves this Court pursuant to Northern District of Illinois Local Rule 83.38(a) for relief from the order of assignment as counsel to Mr. Bowes-Northern in this action, and for leave to withdraw as counsel for Mr. Bowes-Northern. In support of this Motion, McLaughlin states as follows:

1. On February 5, 2025, the Court recruited Katharine R. McLaughlin of Jenner & Block LLP to represent Mr. Bowes-Northern in this action. (ECF No. 222.)

2. Since that time, McLaughlin has had four conversations with Bowes-Northern via telephone or videoconference, and has exchanged numerous emails with Mr. Bowes-Northern. The communications related to preliminary matters regarding the representation as well as litigation

1

strategy for the case. A Jenner & Block associate who was assisting McLaughlin was party to most of these communications.

3. In several of these communications, Mr. Bowes-Northern demanded that McLaughlin take certain actions that McLaughlin believed she could not take consistent with her ethical obligations and her obligations under Federal Rule of Civil Procedure 11. Mr. Bowes-Northern also demanded that McLaughlin take actions that were outside the scope of the assigned representation, inappropriate, and/or impracticable. McLaughlin explained multiple times that she could not take any actions that were inconsistent with her ethical obligations, that she was not willing to expand the scope of the representation to meet Mr. Bowes-Northern's demands, and that certain requests were simply not matters that she was positioned to assist him with. During these conversations, McLaughlin repeatedly tried to refocus the conversation on the civil claims at hand and logistical matters such as, for instance, a proposed engagement letter governing the relationship. These explanations and efforts to refocus the conversation were met with anger by Mr. Bowes-Northern. Nevertheless, McLaughlin endeavored to impress upon Mr. Bowes-Northern that she wished to help him and that her firm has a longstanding tradition of *pro bono* work and helping to right injustices.

4. During the fourth telephone conference, on February 28, 2025, Mr. Bowes-Northern requested that McLaughlin inform the Court that he did not wish for her (or Jenner & Block) to represent him. In connection with the request, he instructed McLaughlin to stop calling his phone.

5. On March 1, 2025, Mr. Bowes-Northern confirmed via email the breakdown of the relationship with McLaughlin and Jenner & Block.

6.      Subsequently, on March 1, 2025, McLaughlin informed Mr. Bowes-Northern via email that she would file a motion seeking permission to withdraw from the representation, and asked Mr. Bowes-Northern whether he consented to the motion. Mr. Bowes-Northern did not directly respond to that question.

7.      Later on March 1, 2025, Mr. Bowes-Northern sent an email to McLaughlin in which he (1) purported to provide "formal notice" that he is "initiating legal action against Jenner & Block" as well as McLaughlin and the Jenner & Block associate "individually," (2) demanded that Jenner & Block withdraw from the representation, among other things, and (3) threatened to proceed with a federal lawsuit against Jenner & Block if his demands were not met by March 4, 2025.

8.      Via the same email, Mr. Bowes-Northern purported to report McLaughlin and the associate to a number of whistleblower, disciplinary, ethics, and corruption-related bodies. He did so by copying on the email fifteen different email addresses including inquiry@iardc.org, public.integrity@usdoj.gov, ethics@uscourts.gov, watchdog@doge.gov, whistleblower@osc.gov, Chicago@fbi.gov, and kash.patel@ic.fbi.gov, among others.

9.      Local Rule 83.38(a)(4) provides that counsel may move for relief from an order of assignment where "some personal incompatibility or a substantial disagreement on litigation strategy exists between counsel and the party." Here, it has become clear that both personal incompatibility and a substantial disagreement on litigation strategy exists between counsel and the client.

10.     Local Rule 83.38(a)(2) provides that counsel may move for relief from an order of assignment where "some conflict of interest precludes counsel from accepting the responsibilities of representing the party in the action." Here, because Mr. Bowes-Northern has both (1) threatened

litigation against Jenner & Block, McLaughlin, and a Jenner & Block associate, and (2) purported to report McLaughlin and the associate to various disciplinary, whistle-blower, ethics, and corruption-related authorities, a conflict of interest now exists between counsel's own interests and those of the client. (To be clear, Jenner & Block did not believe itself to have had a conflict of interest prior to Mr. Bowes-Northern's email of March 1, 2025.)

11.     McLaughlin regrets that the assignment in this case has become infeasible due to the specific circumstances that developed here.

WHEREFORE, the undersigned respectfully requests this Court grant her Motion for relief from assignment and for leave to withdraw.

Dated: March 3, 2025

/s/ Katharine R. McLaughlin
Katharine R. McLaughlin
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
kmclaughlin@jenner.com
Tel: 312.222.9350

4

**CERTIFICATE OF SERVICE**

I, Katharine R. McLaughlin, hereby certify that on March 3, 2025, a copy of the **Motion for Relief From Assignment and for Leave to Withdraw** was filed electronically with the Clerk of the Court using CM/ECF. Notice of this filing will be sent to all counsel of record and to the plaintiff by operation of the Court's electronic filing system.

_____*/s/ Katharine R. McLaughlin*_____
Katharine R. McLaughlin