**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHEDRICK BOWES-NORTHERN, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 21 C 3351 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| CHICAGO POLICE DEPARTMENT et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

Five years ago, Plaintiff Shedrick Bowes-Northern filed a 42 U.S.C. § 1983 lawsuit against 37 defendants, including individuals and municipal and state entities. On April 14, 2025, the Court dismissed the case for want of prosecution. (Dkt. 226). Bowes-Northern now moves to vacate the Court's April 14, 2025 Order under Federal Rule of Civil Procedure 60(b). For the reasons stated below, the Court denies Bowes-Northern's Motion to Vacate [239].

## BACKGROUND

Bowes-Northern initiated this action on June 11, 2021. (Dkt. 1). In his Fourth Amended Complaint, Bowes-Northern alleged seventeen counts against the remaining Defendants for violations of his federal and state rights stemming from his arrest in 2020. (Dkt. 115). The case was stayed from November 2022 to November 2023 while Bowes-Northern's criminal charges proceeded in state court. (Dkt. 128); (Dkt. 177). The Court imposed another stay on January 2024 after Bowes-Northern filed a motion to withdraw his guilty plea in the state proceedings. (Dkt. 184). On appeal by Bowes-Northern, the Seventh Circuit affirmed the stay. (Dkt. 217). The case remained stayed until its dismissal for want of prosecution on April 14, 2025. (Dkt. 226).

Over the five years this case remained pending before the Court, Bowes-Northern filed many frivolous or improperly-filed motions. (Dkts. 99-101, 147-48, 150, 159, 160). Even so, the Court repeatedly afforded Bowes-Northern opportunities to pursue his claims. The Court permitted Bowes-Northern to amend his Complaint four times (Dkts. 34, 47, 88, 133) and, as additional accommodation, repeatedly appointed counsel to assist him despite his demonstrated inability to maintain productive relationships with the attorneys assigned to represent him. In total, Bowes-Northern cycled through nine Court-appointed attorneys. (Dkts. 40, 70, 75, 78, 222). Two of those attorneys withdrew for personal reasons; the others withdrew after their relationships with Bowes-Northern deteriorated beyond repair. (Dkts. 68-69, 72-74, 76-77, 123-24, 223, 225). Most recently, appointed counsel sought to withdraw after Bowes-Northern demanded that she take actions outside the scope of her representation and ethical obligations and threatened her and her law firm with legal action. (Dkts. 223, 225). Bowes-Northern's disregard for the Court's proceedings extended to his appearances as well: he failed to appear at three status hearings. (Dkts. 158, 226-25). Nor was Bowes-Northern's conduct confined to this Court. He filed three appeals with the Seventh Circuit challenging the Court's stays and dismissal of this case. (Dkts. 131, 185, 228). The Seventh Circuit dismissed two of those appeals after Bowes-Northern failed to comply with the Circuit's rules. (Dkts. 152, 236).

At a status hearing on March 20, 2025, the Court ordered Bowes-Northern to proceed *pro se* after granting his appointed counsel's motion to withdrawal. (Dkt. 225). Despite being in communication with the Court, Bowes-Northern did not appear for this hearing, and the Court warned him that failure to appear and follow Court orders in the future may result in the dismissal of his case for want of prosecution. (Dkt. 225). On April 14, 2025, when Bowes-Northern failed to appear again, the Court dismissed the case for want of prosecution due to Bowes-Northern's

repeated failure to appear, failure cooperate with recruited counsel, and failure to follow Court orders (the "Dismissal Order"). (Dkt. 226). Two weeks later, Bowes-Northern appealed the Dismissal Order to the Seventh Circuit. (Dkt. 228). The Seventh Circuit dismissed the appeal after Bowes-Northern failed to file a docketing statement as required by Circuit Rules. (Dkt. 235).

On February 6, 2026, Bowes-Northern filed a motion to vacate the Dismissal Order under Rules 60(b)(4) and 60(b)(6). (Dkt. 239). Bowes-Northern also requested that the Court appoint him counsel to assist with the litigation of this Motion. (Dkts. 246, 250). Pursuant to the Court's March 20, 2025, the Court denied these requests. (Dkt. 251).

**DISCUSSION**

As a preliminary matter, the Court addresses Bowes-Northern's renewed request for recruited counsel and a hearing on this issue. (Dkt. 256); (Dkt. 257). "[C]ivil litigants are not entitled to the assistance of court-appointed counsel." *Williams v. Haure*, 2022 WL 1056085, at *3 (7th Cir. Apr. 8, 2022) (citing *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). The appointment of counsel is a privilege, and district courts "need not recruit new counsel to litigants who squander this privilege by refusing to cooperate with their lawyers." *Buck v. Young*, 2024 WL 2796653, at *2 (7th Cir. May 31, 2024) (citing *Dupree v. Hardy*, 859 F.3d 458, 462-63 (7th Cir. 2017)). After Bowes-Northern repeatedly abused this privilege, the Court ordered that no new counsel would be appointed to him. (Dkts. 225, 251). This ruling stands. Bowes-Northern's requests are denied. (Dkt. 256); (Dkt. 257).

Bowes-Northern argues that the dismissal of this case should be vacated under Rule 60(b)(4) because the judgment was "entered in a manner inconsistent with due process," and thus, is void. (Dkt. 239 at 2-3). Alternatively, he argues that the dismissal should be set aside under Rule 60(b)(6) due to extraordinary circumstances. (*Id.* at 4). Bowes-Northern claims that he missed the

March and April 2025 status hearings due to circumstances beyond his control—he asserts he was receiving emergency medical care at the time of the March hearing, and that he was unaware of the April hearing. (*Id.* at 3-5).

Rule 60(b) authorizes a district court to relieve a party from a final judgment for different enumerated reasons. Fed. R. Civ. P. 60(b). Rule 60(b)(4) provides that a court may relieve a party of a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) is intended for cases where the district court issuing the underlying judgment lacked jurisdiction or acted in a manner inconsistent with due process." *Richards v. Stevens*, 327 Fed.Appx. 659, 660 (7th Cir. 2009) (citing *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir. 2002). Rule 60(b)(6) is the "catch-all" category; it allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Kemp v. United States*, 596 U.S. 528, 533 (2022). To obtain relief under Rule 60(b)(6), a movant must "establish that 'extraordinary circumstances' justify upsetting a final decision." *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

The Court need not reach the merits of Bowes-Northern's arguments because his Motion is untimely. All motions brought under Rule 60(b) are subject to deadlines imposed by Rule 60(c). Fed. R. Civ. P. 60(c); *see also Kemp*, 596 U.S. at 533. Such motions must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see also Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 158-62 (2026) (holding that Rule 60(c)(1)'s reasonable-time limit applies Rule 60(b)(4)). Except for motions under Rule 60(b)(6), all motions also must be filed within one year of the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Bowes-Northern filed this Motion nine months and 23 days after the Court entered the Dismissal Order. (Dkts. 226, 239). While this is within the one-year limit for Bowes-Northern's

Rule 60(b)(4) arguments, the Court does not find that Bowes-Northern sought relief within a reasonable time. The reasonable time requirement does not impose a fixed time limit. *See Coney Island*, 607 U.S. at 160. What constitutes a reasonable time depends on the circumstances of each case. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin v. Wisconsin,* 769 F.3d 543, 548 (7th Cir. 2014). In analyzing reasonableness, the Seventh Circuit has directed courts to consider "the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) (*Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)).

These factors weigh against Bowes-Northern. First, Bowes-Northern presents no valid or justifiable reasons for his almost ten-month delay in filing this Motion. He explains the delay by stating that he did not learn the reasons for the dismissal of the case until January 7, 2026, after contacting the Clerk's office. (Dkt. 239 at 1). Yet, that claim is belied by the fact that Bowes-Northern appealed the dismissal to the Seventh Circuit within two weeks of its entry. (Dkt. 228). By filing an appeal, Bowes-Northern evidently believed that the Court's Dismissal Order was erroneous in some regard. Thus, at this point, Bowes-Northern knew "everything he needed to know in order to file the motion," or inform the Court that he intended to do so and was preparing his filings; instead, he sat on his hands, at least in this Court. *See Schwartz v. Osofsky*, 2012 WL 2254242, at *5 (N.D. Ill. June 12, 2012) (denying Rule 60(b) motion as untimely that as filed three months after entry of judgment). Bowes-Northern also claims that he was not "medically capable" of preparing the Motion after the dismissal because he was receiving and recovering from medical care. (Dkt. 252). While the Court is sympathetic to Bowes-Northern's medical issues, he fails to explain how he was able to prepare and file an appeal but could not file a motion with this Court.

Finally, given that this case has lingered for five years with no substantive progress, there is a strong interest in finality. Reopening the judgment would prejudice Defendants given their reliance on the resolution of this suit after years of navigating Bowes-Northern's dilatory behavior. *See, e.g., Cook Cnty., Illinois v. Mayorkas*, 340 F.R.D. 35, 54 (N.D. Ill. 2021)*, aff'd sub nom. Cook Cnty., Illinois v. Texas,* 37 F.4th 1335 (7th Cir. 2022). Additionally, Bowes-Northern waited almost ten months before filing this Motion, and courts in this Circuit routinely find that it is unreasonable for a plaintiff to wait even three months to bring Rule 60(b) motions. *See Miedzianowski v. United States*, 2017 WL 1954543, at *4 (N.D. Ill. May 3, 2017) (collecting cases).

Thus, the Court finds that Bowes-Northern did not file this Motion within a reasonable time under Rule 60(b). Denial of the Motion is warranted on this ground alone. *Lundeen v. Frye*, 666 F. App'x 539, 542 (7th Cir. 2016) (affirming denial of Rule 60(b) motions for timeliness alone); *Blue Spring Partners, LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2026 WL 1383203, at *4 (N.D. Ill. May 18, 2026) ("A Rule 60(b) motion may be denied on timeliness grounds alone."). Nevertheless, Bowes-Northern's Motion fails on substantive grounds as well.

Bowes-Northern argues that the Dismissal Order is void due to a due process violation because it was entered without adequate notice. (Dkt. 239 at 4); (Dkt. 252 at 4-5). On March 20, 2025, the Court warned Bowes-Northern that failure to appear and follow Court orders would result in the dismissal of his case for want of prosecution. (Dkt. 225). After Bowes-Northern failed to appear at an April 14, 2025 status hearing, the Court dismissed the case for failure to prosecute. (Dkt. 226). Given the Court's clear warning and Bowes-Northern's demonstrated history of delay and disobedience, the dismissal for want of prosecution was not void under Rule 60(b)(4). *See,*

*e.g., O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000) (holding that a dismissal for failure to prosecute is not beyond the court's power for the purpose of Rule 60(b)(4)); *Link*, 370 U.S. at 629-30 (holding that a dismissal for failure to prosecute after plaintiff failed to appear at a pretrial conference was not void where plaintiff knew about the hearing and had been "proceeding in dilatory fashion"); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1019-20 (7th Cir. 2000) (dismissal for failure to prosecute was not void under Rule 60(b)(4) where district court "made clear its intention to enforce the local rules strictly in its orders, which at every turn the [plaintiff] chose to read in the light affording it the most flexibility").

Likewise, Bowes-Northern fails to demonstrate he is entitled to relief under Rule 60(b)(6). While the Court does not question Bowes-Northern's claims that he was experiencing medical issues around the time of the April 14, 2025 hearing, Bowes-Northern does not explain why he did not request that the hearing be rescheduled or conducted virtually as he had done in the past. *See Provident Sav. Bank v. Popovich,* 71 F.3d 696, 700 (7th Cir. 1995) ("In a rule already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision is even more highly circumscribed."); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (to justify relief under Rule 12(b)(6), "a party must show extraordinary circumstances suggesting that the party is faultless in the delay.") (internal citations omitted). Thus, the Court does not find of Bowes-Northern's purported explanations to be "an extraordinary reason to vacate the final judgment." *Chicago & Vicinity Laborers' Dist. Council Pension Plan v. Accurate Constr. Site Servs., Inc.*, 2021 WL 12186205, at *3 (N.D. Ill. Nov. 15, 2021) (denying motion to vacate under Rule 12(b)(6).

In sum, not only is Bowes-Northern's Motion untimely, but he fails to demonstrate that he is entitled to relief under Rules 60(b)(4) or 60(b)(6). Accordingly, his Motion to Vacate is denied.

## CONCLUSION

For the reasons stated above, the Court denies Bowes-Northern's Motion to Vacate [239]. The Court also denies Bowes-Northern's Renewed Request for Counsel [256] and Motion for Remote Hearing [257]. Civil case remains terminated.

Virginia M. Kendall
United States District Judge

Date: September 9, 2026